IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NELLE JAMISON, JOHN PAUL JAMISON, <br><br> Plaintiffs, <br><br> vs. <br><br> DEPOSITORS INSURANCE COMPANY, <br><br> Defendant. | 4:14CV3009 <br><br> **MEMORANDUM AND ORDER** |

BACKGROUND

This matter is before the court on Defendant's motion to change the venue of this case to the United States District Court for the Western District of Wisconsin. (Filing No. 12). For the reasons discussed below, the motion is denied.

Plaintiffs Nelle and Paul Jamison (the "Jamisons") reside in Lancaster County, Nebraska, but own real and personal property at 383 Mondamin Trail, La Pointe, Wisconsin 54850 (the "Property"). The Jaminsons used the Property as a second home and "generally visited the [Property] between July 1 and August 7 and, in some . . . years, briefly in May, October and over Thanksgiving break." (Filing No. 21-1, ¶8 at CM/ECF p. 2). The Jamisons contacted INSPRO, Inc. in Lincoln, Nebraska to secure insurance for the Property. The insurance policy was issued by Depositors Insurance Company ("Depositors") through INSPRO, Inc. (Filing No. 21-3, ¶11 at CM/ECF p. 2). Depositors is an Iowa corporation with its principal place of business in Iowa. (Filing No. 1, ¶8 at CM/ECF p. 2).

The Jamisons' insurance policy for the Property (the "Policy") provides that "[a]ny provision of this policy . . . that is in conflict with a Wisconsin statute or rule is hereby amended to conform to that statute or rule." (Filing No. 14, ¶11 at CM/ECF p. 2). The

policy also advises policy holders of their right to file any complaint regarding the policy with the Wisconsin Commissioner of Insurance. (Filing No. 14, ¶12 at CM/ECF pp. 2-3).

On May 15, 2013, Nelle Jamison's mother, Donna Woods, was visiting the Property and discovered water damage. She promptly notified the Jamisons of the damage. The damaged property was also viewed by Jon Hinrichs, Robert Norris and Dee Norris – all residents of Lincoln, Nebraska. (Filing No. 21-1, ¶¶ 24-27 at CM/ECF p. 3).

On May 15, 2013, the Jamisons contacted Scott L. Wagner at INSPRO, Inc. in Lincoln, Nebraska and notified him of the water damage to the Property. The Jamisons received correspondence from Claims Associate Chad Cichosz from Depositors' office in Des Moines, Iowa. At some point, Chichosz inspected the Property. The property was also inspected by Vieau Associates, Inc. from Edina, Minnesota; Castle Inspection Service from Marshfield, Wisconsin; and ServiceMaster Corporation from Madeline Island, Wisconsin. Eventually, the Jamisons received a denial letter from Depositors in August of 2013. The denial was signed by Mike Stumberg, Large Loss Claims Manager and was mailed from Grundy Center, Iowa. (Filing No. 21-2 at CM/ECF pp. 9-14).

Plaintiff filed this action in the District Court of Lancaster County, Nebraska seeking declaratory relief to determine the parties' rights under the insurance policy and asserting causes of action based on breach of contract and bad faith. (Filing No. 2). Defendant removed the case to this court on January 16, 2013, (Filing No. 1), and now moves to transfer venue to the United States District Court for the Western District of Wisconsin.

ANALYSIS

Section 1404(a) provides: For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. When considering a motion to transfer under section 1404(a), the court must balance:

> (1) the convenience of the parties, (2) the convenience of the witnesses – including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

Terra Int'l, 119 F.3d at 696.

Terra Int'l identified a non-exclusive list of other factors a court may consider when addressing the "interest of justice" factor in motions to change venue. These include: 1) judicial economy, 2) the plaintiff's choice of forum; 3) the comparative costs of litigating in each forum, 4) each party's ability to enforce a judgment, 5) obstacles to a fair trial, 6) conflict of law issues, 7) and the advantages of having a local court determine questions of local law. See Terra Int'l, 119 F.3d at 699 (citations omitted).

In addition to the general factors set forth in section 1404(a), courts will conduct a "case by case evaluation of the particular circumstances at hand and consider all relevant factors." Terra Int'l., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997). "[F]ederal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking transfer . . . typically bears the burden of proving that a transfer is warranted." Id. at 695.

3

Plaintiff's Forum Selection.

Defendant argues Plaintiff's selected forum is due very little, if any, deference because the "events giving rise to the civil action occurred in the Western District of Wisconsin." (Filing No. 16 at CM/ECF p. 20).  That is, the damaged Property is located in the Western District of Wisconsin so Plaintiff's choice of forum should not be given much weight.  It is true that a plaintiff's choice of forum is entitled to less deference when "(1) plaintiff does not reside in the selected forum . . . or (2) the transaction or underlying facts did not occur in the chosen forum." Nelson v. Soo Line R. Coo., 58 F. Supp. 2d 1023, 1026 (D. Minn. 1999)(internal citations omitted).  However, Defendant misapplies this principle.  Although the Property and damage thereto occurred in Wisconsin, this is a breach of contract action and the parties negotiated and entered into the contract in Nebraska. And all communication regarding the terms of the contract and the denial of coverage were sent to Plaintiffs at their Nebraska home.

This case is distinguishable from those cited by Defendant in support of its argument that Plaintiffs' choice of forum is not entitled to deference.  For instance, in Nelson, the court approved a change of venue from the District of Minnesota to the District of North Dakota.  However, the Nelson plaintiff's only connection with Minnesota was that the plaintiff's attorney was located there.  Virtually all of the fact witnesses, the site of the injury, both of the parties, and the people who treated the plaintiff's injuries were located in North Dakota. Nelson, 58 F. Supp. 2d at 1027.

In Dunn v. Soo Line R. Co., 684 F.Supp. 64 (N.D. Ill. 1994), another case relied upon by defendant, the court ordered a change of venue from the Northern District of Illinois to the Western District of Wisconsin.  But in that case, the plaintiff was the special administrator of the estate of a man who was fatally injured in a railroad accident in Wisconsin.  Although the decedent was a resident of Illinois, the accident occurred in

Wisconsin and numerous witnesses who could testify about the accident and the subsequent investigation also resided in Wisconsin. Other than being the decedent's state of residence, Illinois had no connection to the lawsuit. Id. at 66-67.

The Jamisons are from Nebraska. They contacted an insurance agent, negotiated and consummated the insurance contract at issue, and corresponded regarding the denial of benefits while in Nebraska. And as a basis for denying liability, Defendant asserts Plaintiffs concealed or misrepresented facts regarding their use of the Property. (Filing No. 5, ¶31 at CM/ECF p. 3). Presumably those alleged misrepresentations by Plaintiffs originated and were communicated during the Policy application process in Nebraska. Accordingly, because Nebraska has a connection to this lawsuit, the court will afford deference to the Jamisons' choice of a Nebraska venue.

Convenience of the Parties.

Maintaining venue in Nebraska is undoubtedly more convenient for the plaintiffs because they reside in Nebraska. Defendant is an Iowa corporation with its principal place of business in Iowa. Defendant has not explained how a trial in Wisconsin would be more convenient to it specifically. Rather, Defendant argues Wisconsin will be more convenient for both parties because the Property is located in Wisconsin and there is a "likelihood that additional inspection or testing of the Property may be required during the course of litigation." Filing No. 23 at CM/ECF p. 3. The court is not persuaded.

Currently, counsel for both parties reside in Nebraska. Defendant asserts transfer of the trial will make it more convenient for Defendant to arrange additional inspections. It is not clear why. Presumably Plaintiffs or Defendant can arrange for the inspection of the property without being physically present. And even if the trial is moved to Wisconsin, with counsel for neither party located in Wisconsin, any Property inspection

5

would likely be done without counsel being physically present or would require a special trip by attorneys for both parties.

Although any individuals providing additional inspections might be in the Wisconsin area, the court is not prepared to find Wisconsin as a more convenient place for trial based on the pure speculation that additional inspections might be necessary. Accordingly, the parties' convenience weighs in favor of denying a change of venue.

### Convenience of the Witnesses.

Many of the fact witnesses, including the INSPRO employees who sold the Plaintiffs' policy and the individuals who discovered the damage, reside in Nebraska. But at least two witnesses who inspected the property reside in Wisconsin and Minnesota, and they may be testifying witnesses. Additional witness, *i.e.* Defendant's employees, likely reside in Iowa. Based on the information before the court, a Nebraska or Wisconsin forum are of essentially equal convenience (or inconvenience) for the potential witnesses.

### Interests of Justice.

Defendant argues the interests of justice favor a transfer of venue because the Western District of Wisconsin is more familiar with Wisconsin law and Wisconsin has an interest in having this controversy decided in its state. Plaintiff argues that even if Wisconsin law applies, this court can sufficiently interpret and apply Wisconsin law, and Nebraska, along with its insurance regulators, has an interest in this case because the insurance contract was negotiated, issued and renewed in Nebraska.

Assuming, without deciding, that this dispute is governed by Wisconsin law, Defendant is correct that a Wisconsin court is more familiar with Wisconsin law.

However, this court is fully capable of researching, interpreting and applying Wisconsin law, particularly since neither party claims the case rests on resolving complex or novel questions of Wisconsin law. See Dakota Western Bank of North Dakota v. North American Nutrition Co, Inc., 284 F. Supp. 2d 1232, 1236 (D.N.D. 2003).

Further, because the negotiations and sale of the policy occurred in Nebraska, the state of Nebraska has at least as significant an interest in this dispute as Wisconsin. That is, Nebraska certainly has an interest in overseeing the activities of insurance companies that conduct business in the state of Nebraska. See Aviva Life and Annuity Co. v. Goldstein, 722 F. Supp. 2d 1067, 1078 (S.D. Iowa 2010).

Accordingly,

IT IS ORDERED that Defendant's Motion to Transfer Venue, (Filing No. 12), is denied.

Dated this 22nd day of May, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.