IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NELLE JAMISON and JOHN PAUL JAMISON, | Case No. 4:14-cv-03009 |
| Plaintiffs, | |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| DEPOSITORS INSURANCE COMPANY, | |
| Defendant. | |

The parties having agreed that a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) is both necessary and appropriate, and the Court having approved of such an agreement,

IT IS HEREBY ORDERED THAT:

1. This Stipulated Protective Order ("Protective Order") shall govern the use and treatment of information, documents, testimony or other tangible things produced in this action by the Defendant, Depositors Insurance Company ("Depositors"):

2. "Confidential Information," as used herein, means any information, in whatever form produced in connection with formal or informal discovery in this litigation that Depositors in good faith believes contains, reflects or concerns its trade secrets, confidential business or commercial information, or other sensitive or proprietary information which, if disclosed to third parties, would likely cause Depositors injury, prejudice, harm, damage or disadvantage. Confidential Information includes, but is not limited to, proprietary business information, business plans, pricing, information relating to personnel matters, and financial and other sensitive information that is not publicly available (or not publicly available in the form maintained by the party). Confidential Information may not be used or disseminated except as provided in this Protective Order. Confidential Information includes all documents or information derived from Confidential Information, including excerpts, copies or summaries of Confidential Information.

3. Depositors may designate any information, document, testimony or other tangible thing that it furnishes in connection with this litigation as Confidential Information, and therefore subject to the provisions of this Protective Order, in any reasonable manner. Documents may be designated Confidential Information by affixing the legend "Confidential" to each item or document page. Deposition testimony and/or exhibits may be designated Confidential Information either by: (a) stating on the record of the deposition that such deposition, or portion

1

thereof; or exhibit is confidential; or (b) stating in writing served upon counsel of record up to twenty (20) days after receipt of the deposition transcript that such deposition, or portion thereof, or exhibit is confidential.

      4.     Materials designated as Confidential may only be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation and only by the following persons:

- (a) the parties in this lawsuit, or their employees involved in the management of this litigation;
- (b) counsel of record who represent the parties in this litigation, in-house counsel and the personnel who are directly employed or contracted by those attorneys' firms and who are assisting the attorneys working on this action;
- (c) any person who is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation therefore, and any other person to whom the dissemination of the document is deemed necessary by any party in preparation for trial;
- (d) independent expert witnesses or consultants, including trial or jury consultants, retained by the parties in this lawsuit (i.e., not employed by or similarly affiliated with a party or an affiliated company of a party);
- (e) the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit; and
- (f) any mediator or arbitrator selected with the consent of all parties or by the Court.

      5.     Confidential Information shall not be disclosed to any of the persons referred to in paragraph 4(c) and (d) until such persons have been provided with a copy of this Protective Order and have agreed in writing to be bound thereto by execution of the Confidentiality Agreement attached hereto as Exhibit A. All parties shall retain any such agreements and make them available to counsel for other parties upon request, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

      6.     Depositors may elect that certain Confidential Information not be divulged to the persons referred to in paragraphs 4(a) or 4(c) above if it in good faith believes that its disclosure could cause commercial harm or be put to any improper use or could otherwise cause irreparable harm. Such information shall be clearly marked "Highly Confidential-Attorneys & Experts Only," and shall be treated as Confidential Information, except that such information may only be disclosed to those persons referred to in paragraphs 4(b), 4(d), 4(e) and 4(f) herein in accordance with the terms and conditions of this Protective Order. If a party objects to materials designated "Highly Confidential-Attorneys & Experts Only," that party may follow the procedure set forth in paragraph 10 herein to remove such designation.

      7.     A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps to have such matter filed

under seal. The parties shall take such steps as are reasonably necessary to ensure that the papers or relevant portions, as the Court may order, shall be filed in sealed envelopes or other appropriate sealed enclosures on which shall be endorsed the title to the action, the words "Confidential."

8. Subject to rules of evidence, Confidential Information may be offered in evidence at trial or any court hearing.

9. The terms of this Protective Order are subject to modification, extension or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court.

10. With respect to any Confidential Information covered by this Protective Order, the Plaintiffs may at any time serve upon counsel for Depositors a written notice of objection to the materials designated as "Confidential" or "Highly Confidential-Attorneys & Experts Only." Depositors shall, within seven (7) business days of receipt of such notice, review the designated material sought to be reclassified, and notify the Plaintiffs in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy. If no agreement can be reached, the requesting party may apply to the Court for an order that the information or documents so designated are not entitled to such status and protection. The designating party shall be given notice of the application and an opportunity to respond. In the event of such application, to maintain the status of the information or documents as Confidential-Information under this Protective Order, the proponent of confidentiality must show there is good cause for the information or documents to have such designated protection.

11. Confidential Information shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose, including, without limitation, any business, competitive or educational purpose; such information shall not be disclosed or disseminated to any person, organization, business, governmental body or administrative agency unless ordered by the Court.

12. In the event that Confidential Information is inadvertently produced without designating such documents or information "Confidential" or "Highly Confidential-Attorneys & Experts Only" within the time periods established in this Protective Order, Depositors shall properly designate such documents or information as "Confidential" or "Highly Confidential-Attorneys & Experts Only," and the Plaintiffs shall be bound by such designations pursuant to the terms of this Protective Order, but shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Confidential Information that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation as "Confidential" or "Highly Confidential–Attorneys & Experts Only" shall not be deemed a waiver, in whole or in part, of Depositors' claim to confidentiality of such documents or information, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.

13. Upon termination of this action, unless otherwise ordered by the Court, the Plaintiffs shall within thirty (30) days return to Depositors all materials marked "Confidential"

and "Highly Confidential-Attorneys & Experts Only" (and any copies thereof). If requested, counsel for Plaintiffs shall furnish a certificate of compliance that all confidential materials produced to the Plaintiffs, as well as all summaries, excerpts or copies of such materials, have been returned to Depositors.

14. If Plaintiffs receive a subpoena from a nonparty to this Protective Order seeking production or other disclosure of Confidential Information, Plaintiffs shall refuse to produce any Confidential Information under the authority of this Protective Order and shall immediately give written notice to counsel for Depositors, identifying the Confidential Information sought and enclosing a copy of the subpoena.

15. The parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Protective Order.

16. This Protective Order will be governed and construed in accordance with the laws of the State of Nebraska.

17. This Protective Order contains the entire agreement between the parties concerning the subject matter hereof, and no modifications of this Protective Order or waiver of its provisions will be binding upon the parties, unless made in writing by the parties.

ACCEPTED AND AGREED TO:

Dated: 04/13/15                                      DEPOSITORS INSURANCE
                                                     COMPANY, Defendant


                                              By:    s/Joseph J. Kehm
                                                     Thomas M. Locher, NE Bar #15797
                                                     Joseph J. Kehm, NE Bar #22433
                                                     LOCHER PAVELKA DOSTAL
                                                       BRADDY & HAMMES, L.L.C.
                                                     200 The Omaha Club
                                                     2002 Douglas Street
                                                     Omaha, NE. 68102
                                                     tlocher@lpdbhlaw.com
                                                     jkehm@lpdbhlaw.com
                                                     Phone: (402) 898-7000
                                                     Fax: (402) 898-7130


Dated: 04/13/15                                      NELLE JAMISON and JOHN
                                                     PAUL JAMISON, Plaintiffs

                                              By:    s/Adam J. Prochaska
                                                     Adam Prochaska, #22307
                                                     O'NEILL HEINRICH
                                                     DAMKROGER BERGMEYER &
                                                     SHULTZ, PC LLO
                                                     800 Lincoln Square
                                                     121 S. 13th Street
                                                     Lincoln, NE 68508
                                                     Telephone (402) 434-3000
                                                     Facsimile (402) 434-3030
                                                     Email aprochaska@ohdbslaw.com


SO ORDERED this 14th day of April, 2015


                                              _____
                                              Hon. Cheryl R. Zwart
                                              U.S. Magistrate Judge

## **EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NELLE JAMISON and JOHN PAUL JAMISON, | Case No. 4:14-cv-03009 |
| Plaintiffs, | |
| vs. | **CONFIDENTIALITY AGREEMENT** |
| DEPOSITORS INSURANCE COMPANY, | |
| Defendant. | |

I have read the Stipulation and Protective Order ("Protective Order") concerning the confidentiality of information in the above-captioned litigation. I understand that the Protective Order is a Court Order designed to preserve the confidentiality of certain designated documents and information contained therein. I also understand that the Protective Order restricts the use, disclosure and retention of such designated documents and information contained therein, and it also requires the safeguarding and destruction of the designated documents and other materials containing confidential information.

I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the Court for the purpose of enforcement of any provision of the Protective Order.

Dated: _____        Signed: _____

Name printed: _____