IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NELLE JAMISON, JOHN PAUL JAMISON,

Plaintiffs,

vs.

DEPOSITORS INSURANCE COMPANY,

Defendant.

4:14CV3009

MEMORANDUM AND ORDER

This is a case to recover money allegedly owed to the plaintiffs under a property insurance policy. The defendant has moved to withdraw its response to a request for admission. (Filing No. 59). That request asked the defendant to confirm that Plaintiffs' copy of their insurance policy is the relevant policy for this litigation. For the reasons discussed below, the defendant's motion will be denied.

STATEMENT OF FACTS

This is a case to recover money allegedly owed to the plaintiffs under a property insurance policy issued by the defendant. The plaintiff's complaint alleges that in May of 2013, the plaintiffs discovered a water leak at their property located in Wisconsin. They notified the Defendant and requested coverage under the policy. During Plaintiffs' conversation with defendant's claim adjuster on May 16, 2013, the adjuster advised Plaintiff Nelle Jamison that the policy coverage for fungi or bacteria damage was limited to $10,000, (Filing No. 74-1), a statement that was thereafter confirmed by a letter dated June 26, 2013. (Filing No. 74-2). Plaintiff alleges the defendant denied coverage altogether on August 15, 2013.

The plaintiffs' lawsuit was filed in December of 2013. The complaint alleges claims for declaratory relief, breach of contract, and bad faith. Attached to the complaint

is a copy of the insurance policy the plaintiff alleges is the contract at issue. The defendant's answer denied that the policy attached to Plaintiffs' complaint was the operative policy. (Filing No. 5, ¶ 7). But Defendant's answer quotes specific policy terms and wording as a basis for denying coverage, (see Filing No. 5, ¶¶ 32-37), indicating Defendant believed it had located the relevant policy at the outset of this litigation. Defendant's answer does not mention a $10,000 coverage limit applicable to the "Fungi or Bacteria" endorsement of the policy. See Filing No. 5.

The plaintiff served a request for admission which asked the defendant to admit that the insurance policy attached was the operative insurance policy. In June of 2014, the defendant insurer responded, "Admit based on information known to Defendant at this time." (Filing No. 62-2, Request 1). The policy attached to the Plaintiffs' requests for admissions did not include a "Fungi or Bacteria" endorsement with a $10,000 coverage limit.

On September 26, 2014, Defendant's counsel sent an email to Plaintiff's counsel which states:

> As discussed at the depositions of your clients, we only recently received information confirming that the copy of the policy we previously produced is inaccurate because it did not state a coverage limit under the fungi/mold endorsement. We have received, and produced at the Jamison depos, a newly-certified copy of the policy containing a coverage limit of $10k under the fungi/mold endorsement, which is consistent with the statements made to Nelle Jamison by Mike Otto during the 05/16/13 recorded interview and the letters sent to your clients during Allied's investigation.

(Filing No. 74-3). The Plaintiffs have requested copies of all documents sent to them by the defendant for the years 2009 through 2013, but as of March 13, 2015, the defendant had not produced all documents requested. (Filing No. 70, ¶ 2).

2

The defendant now seeks to withdraw its admission that the policy attached to the requests for admissions was the operative policy. It seeks to deny the admission and claim the policy at issue had a $10,000 coverage limitation for mold damage. The plaintiff opposes the defendant's motion, arguing "the presentation of the merits of this action would be best served if the fact finder is allowed to hear all evidence regarding the two insurance policies, . . . so the fact finder can consider" the credibility of the defendant's assertion as to what policy was issued, and Plaintiffs will "be prejudiced if they are not allowed to provide the fact finder with evidence regarding the existence of both insurance policies." (Filing No. 72, at CM/ECF p. 2, ¶¶ 6-7).

> Under Rule 36(b) of the Federal Rules of Civil Procedure:
>
> the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36.

Considering the totality of the evidence before the court, the defendant's motion to withdraw its prior admission will be denied. The defendant ostensibly located and read the applicable policy before it denied coverage, before filing its answer in this lawsuit, and before responding to the request for admission. Before the lawsuit was filed, it claimed there was a $10,000 coverage limit for mold damage; after the lawsuit was filed, that limitation was not mentioned until depositions were taken of the plaintiffs. Of note, the policy language is not a peripheral issue in this case—it is the primary basis for deciding what coverage, if any, was available to the plaintiffs. Thus, having the correct policy is critical to the plaintiffs' claims for declaratory relief and for breach of contract. And to the extent Plaintiffs' complaint alleges the defendant failed to reasonably investigate Plaintiffs' claims and failed to truthfully and accurately assess the available coverage, (Filing No. 2, at CM/ECF p. 6, ¶29), the discrepancy in the insurer's own

statements of what policy was issued, and the language of the exclusions within it, is relevant.

The court finds there is an issue of fact as to what the operative policy says, and allowing the defendant to simply withdraw its prior admission would undermine a decision on the merits and may prejudice the plaintiffs' ability to prove all or part of their claims. The defendant may serve an amended answer to Plaintiffs' request for admission 1, but its request to withdraw the initial answer to that request will be denied.

IT IS ORDERED that the defendant's motion to withdraw its response to the plaintiffs' request for admission, ([Filing No. 59](Filing No. 59)), is denied.

April 15, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge