IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NELLE JAMISON and JOHN PAUL
JAMISON,

              Plaintiffs,

vs.

DEPOSITORS INSURANCE
COMPANY,

              Defendant.

4:14-CV-3009

MEMORANDUM AND ORDER

The plaintiffs in this case, Nelle and John Paul Jamison, have filed a motion in limine (filing 83) seeking to preclude the defendant, Depositors Insurance Company, from offering expert testimony at trial. Depositors has responded with its own motion in limine (filing 89). For the reasons that follow, the Jamisons' motion will be granted and Depositors' motion denied. Additionally, Depositors has filed a motion for leave to amend its answer to assert a new counterclaim for reformation (filing 145). That motion will also be denied.

THE JAMISONS' MOTION IN LIMINE

The Jamisons move the Court to exclude, at trial, any expert testimony from Depositors based, in part, on Depositors' failure to comply with the disclosure requirements of Fed. R. Civ. P. 26(a)(2). The Jamisons contend that the parties agreed Depositors' expert disclosures would be provided by April 15, 2015,[1] and that as of May 14, when the Jamisons' motion was filed, they had not received such disclosures. Depositors' sole argument in response is that they had effectively disclosed their experts, in their answers to interrogatories that had been served on July 3, 2014. Filing 117 at 4-5. But those interrogatory responses are clearly insufficient to satisfy Rule 26(a)(2).

Rule 26(a)(2) sets forth different requirements for witnesses who are "retained or specially employed to provide expert testimony in the case" or

---

[1] The Court's progression order erroneously established a deadline of May 15, 2015. *See* filing 73; filing 85 at 3. Depositors does not dispute that April 15 was the date to which the parties agreed, and does not contend that the May 15 deadline should be enforced instead. *See* filing 117. In any event, there is nothing to suggest that disclosures were made by May 15 either, despite the Jamisons' motion having been filed the day before.

"whose duties as the party's employee regularly involve giving expert testimony," and witnesses who do not meet those criteria. The Court will begin with the retained experts.

RETAINED EXPERTS

Pursuant to Rule 26(a)(2)(B), the disclosure of a retained expert must be accompanied by a written report prepared and signed by the witness, that contains

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Depositors contends that the following interrogatory colloquy sufficed to meet the requirements of Rule 26(a)(2)(B):

> **INTERROGATORY NO. 2**: State the name and address of each person whom You expect to call as an expert witness in this case. As to each such person, state:
>> a. The subject matter on which the expert is expected to testify;
>> b. The substance of the facts and opinions to which the expert expects to testify;
>> c. A summary of the grounds for each opinion; and
>> d. The qualifications for each expert.
>
> **ANSWER:** Defendant expects to call Bruce Boehm Carlson or other representative of Vieau Associates, Inc. In answer to subparts a-d, please see documents identified with bates #Jamison00023-00025 and Jamison00268-00271.

Filing 117 at 4-5 (citing filing 84-1 at 4). The documents referred to are also in the record. *See* filings 54-5 and 54-6.

But neither the interrogatory answer nor the documents referred to comply with the requirements of Rule 26(a)(2)(B), even assuming that they

- 2 -

represent "complete statement[s] of all opinions the witness will express." Information about the basis and reason for those opinions, and the facts or data considered, is scant.[2] No exhibits are identified. And nothing is said about the witness's qualifications, other testimony, or compensation. The fact of the matter is that the reports referred to were not prepared as expert disclosure statements—they were prepared for Depositors by contractors engaged to assist in claims adjustment, and were written for a reader who was already familiar with information that, in the context of litigation, must be provided to the opposing party.

## Non-Retained Experts

Rule 26(a)(2)(C) provides that for experts who are not required to provide a written report, the disclosure must state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Depositors points to this interrogatory response, to the same question set forth above: "Ryan Deardorff and Chad Chichosz are general adjusters and have specilized [sic] knowledge and expertise in the assessment and adjustment of property claims. Messrs. Deardorff and Chichosz are representatives of Defendant and not retained experts." Filing 117 at 5 (citing filing 84-1 at 4).

But that response does not even clear the lowered bar of Rule 26(a)(2)(C). Even if the Court permits a description of the witnesses as having expertise "in the assessment and adjustment of property claims" as somehow identifying the subject matter of their testimony, that does nothing to summarize the facts and opinions to which they are expected to testify.

## Remedy

It is apparent to the Court that Depositors' "disclosure," such as it was, did not comply with Rule 26(a)(2). And a party's failure to disclose in a timely manner is equivalent to a failure to disclose. *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) Under Federal Rule of Civil Procedure 37(c)(1), the Court may exclude the information or testimony as a self-

---

[2] The Court does not address the Jamisons' alternative argument that Depositors' retained expert opinions should be excluded as scientifically unreliable. *See* filing 85 at 8-11; filing 144. Nor, indeed, is there much basis for making such a determination—a lack of disclosure affects the Court as well. The Vieau reports consist primarily of very basic information about mold growth and a summary of the observations made by Depositors' adjuster. *See* filings 54-5 and 54-6. The reports are otherwise conclusory, and contain little explaining the scientific "theory or technique" connecting those observations and the reports' specific conclusion regarding the duration of the flooding.

executing sanction unless the party's failure to comply is substantially justified or harmless. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). The Court's power to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential to its control over the case. *Sellers v. Mineta*, 350 F.3d 706, 711 (8th Cir. 2003). Accordingly, when a party fails to provide information or identify a witness in compliance with Rule 26(a), the Court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case. *Wegener*, 527 F.3d at 692.

In determining whether the failure to disclose was substantially justified or harmless, and to help decide upon an appropriate sanction or remedy, the Court must also consider the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony. *Wegener*, 527 F.3d at 692. The Court must also consider whether a continuance would be useful. *See Amplatz v. Country Mut. Ins. Co.*, No. 15-2645, 2016 WL 2997598, at *3-4 (8th Cir. May 25, 2016). But here, Depositors has offered literally no justification for its failure to make adequate disclosures. Nor has Depositors presented any basis to disagree with the Jamisons' explanation for how they were prejudiced by that failure. The Court recognizes that expert testimony may be important to Depositors' case. And the Court further recognizes that the exclusion of evidence is a harsh penalty and should be used sparingly. *Wegener*, 527 F.3d at 692. Exclusion is an extreme sanction and the Court's discretion narrows as the severity of the sanction or remedy it elects increases. *Id.*

But in the Court's view, the importance of the evidence cuts both ways: it also means that the Jamisons have been prejudiced in their ability to meaningfully respond to Depositors' evidence on a key issue in the case. And candidly, the Court is unsure what alternatives it has, given that Depositors has doubled down on its claimed disclosure, and has neither offered an explanation of its failure to make an adequate disclosure nor addressed the issues of prejudice or remedy in any way. Depositors has not, for instance, suggested that a continuance would be a more appropriate remedy than exclusion, nor is the Court inclined to grant a continuance at this late juncture: Depositors has had more than enough time to ameliorate its rather obvious noncompliance with discovery requirements.

The Court will, therefore, grant the Jamisons' motion in limine and preclude Depositors from presenting expert testimony at trial.[3] In light of that conclusion, the Court need not address the Jamisons' alternative argument that the expected expert testimony would not be reliable.[4]

## DEPOSITORS' MOTION IN LIMINE

Depositors' motion in limine (filing 89) is not discovery-related. Rather, Depositors contends that the testimony of the Jamisons' retained expert, Steve Hudson, an industrial hygienist, should be excluded pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). The Court disagrees.

The objective of the *Daubert* inquiry is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field. *Am. Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 722 (8th Cir. 2015). This is a flexible, case-specific inquiry: the Court must decide whether this particular expert had sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case. *Id.* at 723.

Depositors takes issue with the uncertainty of Hudson's opinions. For instance, Depositors points to Hudson's conclusion that mold growth "'could have occurred'" at the Jamisons' house in less than 4 weeks, and that it is "not reasonable to conclude with any certainty the exact timeframe of the mold growth[.]" Filing 90 at 4 (emphasis omitted). So, Depositors says, Hudson's opinion that he does not and, indeed, cannot know when mold growth began would not "assist the trier of fact to determine when mold growth began." Filing 90 at 4.

Depositors misunderstands the relevance of Hudson's opinion. The Vieau reports, upon which Depositors relied in denying coverage, concluded

---

[3] The Jamisons also contend, in their reply brief (filing 124) that the Vieau reports should be excluded from evidence entirely, even as evidence of Depositors' claims adjustment process. At this point, the Court disagrees: Depositors' failure to disclose expert witnesses provides no basis to exclude substantive evidence of Depositors' claims adjustment process, which is relevant to the Jamisons' bad faith claim. The Court recognizes the complications of introducing that evidence for a limited purpose, but the Court is not persuaded *at this point* that there is a substantial danger of "unfair prejudice" within the meaning of Fed. R. Evid. 403 simply because the evidence *might* have the effect of watering down a sanction imposed for a discovery violation. A stringent and unambiguous limiting instruction would almost certainly be warranted, however.

[4] The Jamisons also filed a supplemental brief "to make clear" that they were also objecting to Depositors' expert testimony on grounds of scientific reliability. Filing 144 at 2. But that was clear to the Court from the initial briefing. *See* filing 85 at 8-11.

that water had been running in the Jamisons' house for at least 4 weeks, and reached that conclusion based on the amount of mold present in the house. *See* filing 54-5. Hudson's opinion takes issue with the Vieau conclusions: Hudson intends to opine that it was not possible to determine that the water was running for at least 4 weeks based on the amount of mold that was found, without considering a number of other factors that the Vieau reports do not sufficiently discuss. Filing 84-2 at 11. In other words, Hudson admits that he cannot determine how long the water was running based on mold growth, but says that Depositors couldn't have determined that either. *See* filing 84-2. His opinion is clearly relevant to the Jamisons' claims.

Depositors also contends that Hudson's opinion should be excluded because he did not disclose the reliable principle or method used to form his conclusions. Filing 90 at 6. But Hudson's opinion is based on his personal experience from 20 years of conducting environmental inspections, as well as a review of published literature. *See* filing 84-2 at 9-13. Experience and research are, generally, reliable principles or methods. *See id.* at 722. Depositors' argument is, again, something of a straw man: Depositors contends that Hudson has not "articulated any method set forth in those sources to measure mold growth." Filing 90 at 6. But Hudson did not do so because he was not purporting to measure mold growth: his opinion is that it is not possible to determine the timeframe for the mold growth in the Jamisons' house. Filing 84-2 at 11. And the Court is satisfied that any complaints about the reliability of Hudson's opinion in that regard go to the weight, not the admissibility, of the evidence.[5] Accordingly, Depositors' motion in limine (filing 89) will be denied.

## DEPOSITORS' MOTION FOR LEAVE TO AMEND ANSWER

Finally, Depositors has moved for leave to amend its answer to assert a new counterclaim. Filing 145. That motion will be denied as untimely.

The Jamisons' complaint was filed in state court on December 16, 2013. Filing 2. Depositors removed the case to federal court on January 16. Filing

---

[5] The Court is aware that *Daubert* established a non-exclusive checklist for trial courts to use in assessing the reliability of expert testimony, including whether the theory or technique can and has been tested, whether it has been subjected to peer review, whether there is a high known or potential rate of error, and whether the theory or technique enjoys general acceptance within a relevant scientific community. *See United States v. Holmes*, 751 F.3d 846, 850 (8th Cir. 2014) (citing *Daubert*, 509 U.S. at 592–94). But those criteria are not particularly helpful here, where Hudson's opinion is not premised on his own "theory or technique" so much as it is critical of the "theory or technique" relied upon by the Vieau reports.

1. Depositors filed an answer on January 23. Filing 5. The parties' report pursuant to Fed. R. Civ. P. 26(f), filed February 25, indicated that neither party anticipated a need to amend the pleadings, but that any motions to amend would be filed by June 1. Filing 9 at 10. No motions were filed, and no amended pleadings have been filed in this case during over 2 years of subsequent litigation.

A court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). But the policy favoring liberal allowance of amendment does not mean that the right to amend is absolute. *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394 (8th Cir. 2016). And a motion to amend should be denied if the movant is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party. *Id.* Moreover, when a considerable amount of time has passed since the filing of a pleading and the motion to amend is made on the eve of trial and will cause prejudice and further delay, the movant is required to provide some valid reason for the belatedness of the motion. *See id.*

Depositors' proposed amendment would assert a counterclaim for reformation of the parties' contract. *See* filing 145-1; filing 146. Reformation may be granted to correct an erroneous instrument to express the true intent of the parties to the instrument. *Wahoo Locker v. Farm Bureau Prop. & Cas. Ins. Co.*, 24 Neb. App. 144, 154 (2016). A court may reform an agreement when there has been either a mutual mistake or a unilateral mistake caused by fraud or inequitable conduct on the part of the party against whom reformation is sought. *Id.* Depositors contends that Nelle Jamison's email promising to shut off the water to the house—and the failure to incorporate that promise into the policy—is a mistake supporting reformation.[6]

But Depositors' does not persuasively explain why that counterclaim is only being asserted now. Depositors asserts that it "did not realize until the Court's May 23, 2016 Memorandum and Order that the agreement between the parties, which contained the promise by the Jamisons to turn off water to the insured premises when they were not occupying the same, would not be enforceable." Filing 146 at 6-7. Depositors claims that it "would have brought the Motion for Leave earlier had it realized that the same was necessary, but it did not become apparent until after Depositors received this Court's May 23, 2016 Memorandum and Order." Filing 146 at 9. Depositors insists that it only recognized that need after the Court's ruling on summary judgment, "where the Court indicated that the promises expressed in the email from Nelle Jamison in exchange for Depositors providing insurance coverage for

---

[6] Depositors has not clearly articulated, in its proposed amended pleading or its brief, whether that would be a mutual or unilateral mistake. *See* filing 145-1; filing 146.

the residence . . . was not a condition of coverage as it was not contained in the four corners of the policy." Filing 153 at 2.

That reasoning is not persuasive. From the very outset of this litigation, the Jamisons alleged that they met "all obligations and conditions precedent contained in the Insurance Policy," a copy of which they attached to their complaint. *See* filing 2 at 2. Had Depositors intended to claim that the communications between Nelle Jamison and her insurance agent were also part of the agreement, it could and should have claimed that from the start. Depositors itself admits that "this part of the agreement between the parties has always been the focus of this litigation," filing 146 at 9, so it makes little sense to contend that somehow, a reformation claim was unavailable or unnecessary until after the Court's summary judgment ruling.

Nor can the Court credit Depositors' insistence that it had believed the email was a condition of coverage until the Court said otherwise on summary judgment. *See* filing 153. The parties' comprehensive briefing on their cross-motions for summary judgment contains extensive discussion of the characteristics of a "condition" in an insurance policy, and the difference between conditions precedent and conditions subsequent. *See*, filing 122 at 14-23; filing 125 at 2-6. But the condition of coverage that Depositors clearly, expressly relied upon was the "Concealment or Fraud" condition. *See* filing 122 at 27. Had Depositors genuinely believed that the email was also a condition of coverage, it would have argued that the Jamisons had breached that condition.

In other words, if Depositors actually "did not realize" that the promise to shut off the water "would not be enforceable as part of the agreement[,]" filing 153 at 1, then it would have been *trying to enforce that promise*. But it wasn't. Instead, Depositors based its argument on other provisions that *were* contained in the policy, such as the "Concealment or Fraud" condition and the "Leakage or Seepage" and "Neglect" exclusions. *See* filing 136 at 6-10, 14-16. Depositors' attempt to distinguish now "between the whole agreement between the parties, and the agreement as embodied in the policy[,]" filing 153 at 2, is simply not consistent with the position taken by Depositors in the previous 2½ years of litigation.

Rather, it seems clear that the importance of the Court's summary judgment ruling was that the Court struck Depositors' rescission defense, granted the Jamisons' motion for summary judgment as to whether the email was a condition subsequent of the policy, and made clear that to prevail on the "Concealment or Fraud" condition, Depositors would need to prove that the Jamisons never meant to shut off the water. Filing 136 at 6-7, 11-14. Depositors argues that reformation "is merely a legal theory that is being advanced" because the Court noted in its summary judgment ruling that the

email was not a condition of the policy and "since that question has been decided, Depositors is merely saying that it *should* have been a part of the agreement." Filing 153 at 3.

But that "question" was not really disputed by the parties: as the Court explained, at that point, Depositors had conceded that the email was not made part of the policy. *See* filing 136 at 12; *see also*, filing 122 at 12-13, 17-23. And even if Depositors *had* made some sort of argument that the email was an enforceable condition of coverage, Depositors' position now is essentially that it needs to amend its answer to add a new claim because its old one was rejected. That is akin to a request for amendment made after dismissal, and

> a district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for the failure to present the new theory at an earlier time.

*Trinity Lutheran Church of Columbia, Inc. v. Pauley,* 788 F.3d 779, 789 (8th Cir. 2015) (quoting *Littlefield v. City of Afton,* 785 F.2d 596, 610 (8th Cir.1986)), *cert. granted on other grounds,* 136 S. Ct. 891 (2016). The summary judgment in this case was only partial, but the principle is the same: Depositors is seeking to change its theory of the case, and the only reason it has for doing so is that its previous theory failed. Nothing prevented this claim from being raised years ago.

And the Court agrees with the Jamisons that the delay is prejudicial: the Jamisons would be entitled to conduct discovery particular to whether there was a mutual or unilateral "mistake" that caused a shut-off-the-water condition to be omitted from the insurance policy. Whether the representation was made is a fundamentally different question than whether either or both of the parties intended to memorialize that representation as a condition in the policy, but mistakenly failed to do so. The Jamisons' brief persuasively explains the discovery that would have been appropriate to such a claim. *See* filing 148 at 6-13. Depositors has unduly delayed the assertion of its counterclaim, and to permit the counterclaim now would both prejudice the Jamisons and further delay these proceedings.

Depositors also styles its proposed amendment as a motion "to amend the pleadings to conform them to the evidence and to raise an unpleaded issue." *See* Fed. R. Civ. P. 15(b)(2). But that argument is unavailing for two reasons. First, Rule 15(b)(2) is meant for use "during and after trial" when "an issue not raised by the pleadings is *tried* by the parties' express or

- 9 -

implied consent[.]" Rule 15(b). The Court is not convinced it can be used in a pretrial motion in lieu of Rule 15(a), which applies to amendments before trial. *See Oglala Sioux Tribe of Pine Ridge Indian Reservation v. Hallett*, 708 F.2d 326, 329 n.5 (8th Cir. 1983).

Second, even on the merits, Depositors' argument falls short: Amendments are allowed when the parties have had actual notice of an unpleaded issue and have been given an adequate opportunity to cure any surprise resulting from the change in the pleadings. *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1063 (8th Cir. 1997). An amended complaint that merely amplifies some of the allegations that have been proven should be allowed. *Id.* But the Court is not required to grant a motion to amend on the basis of evidence that would be relevant to the new claim if the same evidence was also relevant to a claim originally pled, because the introduction of such evidence did not provide notice that the implied claim was being tried. *Id.*

And here, Depositors' argument is contradictory. On the one hand, Depositors claims that no further discovery is necessary because all of the evidence necessary for the new claim has been generated—meaning that the production of the evidence would have provided no notice that a reformation claim was implied. And on the other hand, Depositors claims that the new claim is being alleged now because it was only made necessary by the Court's summary judgment ruling—meaning that until this point, it could not have been contested by implied consent.

Simply put, even if Rule 15(b)(2) is applicable to pretrial proceedings, there is no basis to conclude that Depositors' reformation claim has been contested by the implied consent of the parties. And as explained above, the amendment has been unduly delayed to the Jamisons' prejudice, precluding amendment pursuant to Rule 15(a). Accordingly, the Court will deny Depositors' motion for leave to amend its answer.

## SETTLEMENT CONFERENCE

After the hearing on these motions, and based on its familiarity with the evidence and the parties' claims, the Court is of the opinion that this case holds the potential for amicable settlement, and is persuaded that mediation might bring the parties to the same conclusion. Accordingly, the Court will order the parties to engage in a settlement conference mediated by Judge Zwart. The parties shall confer and contact Judge Zwart's chambers on or before July 13, 2016 to set a settlement conference.

IT IS ORDERED:

1.     The Jamisons' motion in limine (filing 83) is granted, as set
       forth above.

2.     Depositors' motion in limine (filing 89) is denied.

3.     Depositors' motion for leave to amend its answer (filing
       145) is denied.

4.     The parties are directed to contact Judge Zwart's chambers
       on or before July 13, 2016 to set a settlement conference.

Dated this 5th day of July, 2016.

                        BY THE COURT:

                        John M. Gerrard
                        United States District Judge